**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANTONIO MARINHO, a/k/a Antones
Marinho; ROSA MARINHO,
<u>Plaintiffs-Appellants,</u>

v.                                                              No. 95-2278

ORIX CREDIT ALLIANCE,
INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-94-458-WMN)

Argued: October 30, 1996

Decided: March 7, 1997

Before RUSSELL and WIDENER, Circuit Judges, and BULLOCK,
Chief United States District Judge for the Middle District of North
Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Julian Karpoff, KARPOFF, TITLE & MITNICK, Arling-
ton, Virginia, for Appellants. Richard Marc Goldberg, SHAPIRO &
OLANDER, Baltimore, Maryland, for Appellee. **ON BRIEF:** Joel I.
Sher, SHAPIRO & OLANDER, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antonio and Rosa Marinho owned fifty percent of Pito's Construction Company and acted as the executive officers. In 1987, Pito's purchased a piece of construction equipment, known as a Gradall, for $150,000. The bill of sale was in Pito's name and the purchase was financed through CIT Corporation. Antonio Marinho signed the loan agreement in his capacity as President of Pito's. As collateral, Pito's granted CIT a security interest in the Gradall. The company also purchased and maintained insurance on the Gradall naming CIT as the loss payee. The words "Pito's Construction Company" were painted on the Gradall. Despite the fact that Pito's held title to the Gradall, the Marinhos made all of the monthly payments on the CIT loan from their personal checking account and depreciated the Gradall on their personal tax returns. There was no written lease agreement between the Marinhos and Pito's for the Gradall.

Pito's subsequently entered into two separate financing agreements with Orix Credit Alliance for the purchase of additional construction equipment. The financing agreements granted Orix a security interest in all of Pito's assets. By failing to make its scheduled payments to Orix, Pito's defaulted on its obligations and Orix repossessed the Gradall along with other property belonging to the company.

The Marinhos originally filed a replevin suit in the District Court for Anne Arundel County, Maryland in order to recover the Gradall. Their request for preliminary relief was denied after an evidentiary hearing, and the Marinhos voluntarily dismissed the action. They then filed a "Complaint of Conversion" in the Circuit Court for Anne Arundel County. Orix removed the case to federal district court on the basis of diversity and then moved for summary judgment. In opposing the motion, the Marinhos abandoned their conversion claim and relied solely on the equitable doctrine of constructive trusts. The district

2

court found that the Marinhos were not entitled to the imposition of a constructive trust and granted Orix summary judgment. The Marinhos appeal the district court's decision.

A constructive trust, according to Maryland law, may be imposed in order to convert the legal holder of property into a trustee for another person who should reap the benefits of possession.[1] The remedy is applied when "property has been acquired by fraud, misrepresentation, or other improper method, or where the circumstances render it inequitable for the party holding title to retain it."[2] A court will only take this action, however, upon a showing of clear and convincing evidence that an inequity exists.[3]  Absent this requirement, courts could "<u>effectively</u> transfer property as a means of attempting to right every wrong. The courts' equitable powers are not so broad."[4] Whether to impose a constructive trust is generally determined by examining the "circumstances surrounding the inception of the transaction, and not from the effect of subsequent events."[5]

The Marinhos rely almost exclusively on our opinion in <u>Maryland National Bank v. Tower</u>.[6] In that case, we found that under Maryland law "a constructive trust will be imposed to avoid unjust enrichment arising out of mistake in the absence of fraud, the violation of any fiduciary duty or any other wrongdoing."[7] An inadvertent overlapping of insurance policies allowed a widow to receive double benefits from her husband's pension plan following his death. The mistake, although unilaterally made by the pension plan, affected two distinct

_____

[1] <u>Wimmer v. Wimmer</u>, 414 A.2d 1254, 1258 (Md. 1980).
[2] <u>Id.</u> (citation omitted).

[3] <u>Peninsula Methodist Homes and Hosps., Inc. v. Cropper</u>, 261 A.2d 787, 793 (Md. 1970).

[4] <u>Wimmer</u>, 414 A.2d at 1259 (emphasis in original).

[5] <u>Mayor of Annapolis v. West Annapolis Fire & Improvement Co.</u>, 288 A.2d 151, 155 (Md. 1972) (citation omitted).

[6] 374 F.2d 381 (4th Cir. 1967).
[7] <u>Id.</u> at 383-84 (applying statement of law in <u>Carter v. Abramo</u>, 93 A.2d 546, 548 (Md. 1953)).

3

parties. This court imposed a constructive trust against the widow for the cash surrender value of one of the policies. **8**

The Marinhos argue that a constructive trust should be imposed against Orix because Orix was unjustly enriched as the result of the initial error between Pito's and the Marinhos concerning the ownership of the Gradall. Under the Marinhos' novel theory, the fact that Orix was unaware of the Gradall when it entered into the financing agreement makes it an inequitable holder of the property. Even if Orix did not know that Pito's owned a Gradall, however, the security interest was in all of the company's named or unnamed assets. Orix's security interest validly attached to the Gradall as a result of the title held by Pito's. The Marinhos simply fail to establish how Orix was unjustly enriched under these circumstances.

An alternative theory, posed and rejected by the district court, is that a constructive trust was created between Pito's and the Marinhos because the Marinhos mistakenly neglected to transfer title in the Gradall from the name of the company to their own individual names. In contrast to Maryland National Bank, however, the Marinhos seek to impose a constructive trust against their own closely-held corporation. The Marinhos are in the untenable position of claiming that Antonio Marinho, as president of Pito's, acted inequitably against his wife and himself. The officers of a closely-held corporation have an obligation to maintain a clear distinction between their personal finances and the finances of the corporation.**9** The Marinhos failed to do so and now hope to escape the consequences of their "mistake" by abrogating Orix's valid security interest. Even if our equitable powers did extend to the righting of every wrong, the Marinhos have not established that a wrong took place.

For the foregoing reasons we decline to impose a constructive trust concerning the property in question. The ruling of the district court is affirmed.

AFFIRMED

_____

**8** Id. at 386.
**9** See, e.g., DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co., 540 F.2d 681, 687-89 (4th Cir. 1976) (piercing the corporate veil).

4